[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14203
Non-Argument Calendar

_____

D.C. Docket No. 6:15-cv-00027-RBD,
Bkcy No. 6:14-bkc-03297-ABB


In Re: JAMES E. BAUMANN,

Debtor.

_____

JAMES E. BAUMANN,

Plaintiff-Appellant,

versus

PNC BANK, N.A.,
BANK OF AMERICA, N.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 10, 2016)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

James Baumann filed a bankruptcy petition, which automatically stayed two banks' state foreclosure proceedings against him. *See* 11 U.S.C. § 362(a). The bankruptcy court, while allowing the bankruptcy case to proceed, sua sponte terminated the automatic stay of the banks' state foreclosure proceedings. *See* 11 U.S.C. §§ 105(a), 362(d)(1). Baumann appeals the district court's affirmance of the sua sponte termination. After an independent review of the bankruptcy court's termination, we affirm. *See In re TOUSA, Inc.*, 680 F.3d 1298, 1310 (11th Cir. 2012) ("As the second court to review the judgment of the bankruptcy court, we review the order of the bankruptcy court independently of the district court.").

During a hearing in which the bankruptcy court decided to terminate the automatic stay, Baumann disputed the termination by arguing that the banks lacked standing to move for termination, that the banks never filed the motion on paper, and that an attorney who spoke at the hearing on behalf of one of the banks had failed to file a notice of appearance. The bankruptcy court rejected his arguments, and Baumann repeats his arguments on appeal. Each argument relies on a false premise—that the bankruptcy court granted a motion by the banks to terminate the automatic stay. However the bankruptcy court, at the suggestion of the standing

2

trustee, sua sponte terminated the automatic stay.  Because 11 U.S.C. § 105(a) allows the bankruptcy court to terminate sua sponte and because no evidence exists of the one bank's attorney influencing the court's decision, we reject Baumann's arguments.

Also, Baumann argues that the bankruptcy court failed, before terminating the automatic stay, to afford him "notice and a hearing," to which he is entitled under 11 U.S.C. § 362(d).  However, the bankruptcy court scheduled the hearing in which it decided to terminate the automatic stay more than three weeks before the hearing.  Also, the court afforded Baumann an opportunity during the hearing to speak and dispute the termination.  Baumann received "notice and a hearing" before the termination of automatic stay.  *See* 11 U.S.C. § 102(1) (defining "notice and a hearing" as "such notice [and opportunity for a hearing] as is appropriate in the particular circumstances").

**AFFIRMED.**

3